UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ISMAEL URQUILLA RODRIGUEZ, ) <br> on behalf of himself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERICKA PADRON GUTIERREZ d/b/a ) <br> QUICK CLEAN PADRON 1; HERMAN ) <br> & KITTLE PROPERTIES, INC.; ATA ) <br> PAINTING & CONSTRUCTION ) <br> SERVICES LLC; ALEX T. ALEXIOU; ) <br> and AM PRO INSTALLERS LLC, ) <br> ) <br> Defendants. ) | No. _____ <br><br> Judge _____ <br><br> COLLECTIVE ACTION <br><br> JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

For his Collective Action Complaint against Defendants Erika Padron Gutierrez d/b/a Quick Clean Padron 1 ("Padron"), Herman & Kittle Properties, Inc. ("H&K"), ATA Painting & Construction Services LLC ("ATA"), Alex T. Alexiou ("Alexiou"), and AM Pro Installers LLC ("AM Pro") (collectively, "Defendants"), Plaintiff Ismael Urquilla Rodriguez ("Mr. Rodriguez") states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Mr. Rodriguez files this collective action to remedy violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19. Defendants have violated the FLSA's wage and overtime provisions. Mr. Rodriguez's written consent to become a party-plaintiff is attached as Exhibit 1. *See id.* § 216(b).

2. This Court has subject-matter jurisdiction, because Mr. Rodriguez's claims arise under laws of the United States. 28 U.S.C. § 1331.

3. Venue is proper in this Court. A substantial part of the events giving rise to this action occurred within this District, and Defendants are located, reside, and/or do business in this District. *Id.* § 1391(b).

4. Mr. Rodriguez is an individual; he resides in Wilson County, Tennessee.

5. Alexiou is an individual and the owner of ATA; on information and belief, he resides in Marion County, Indiana.

6. Upon information and belief, Erika Padron Gutierrez is an individual who resides in Davidson County, Tennessee and operates a sole proprietorship doing business as Quick Clean Padron 1.

7. H&K is a for-profit corporation, organized under the laws of Indiana, and registered to do business in Tennessee.

8. ATA is a foreign limited liability company, organized under the laws on Indiana and doing business in Tennessee.

9. AM Pro is a foreign limited liability company, organized under the laws of Alabama and doing business in Tennessee.

10. At all times relevant to this action, Mr. Rodriguez was an "employee" of Defendants, as defined by the FLSA; he worked for Defendants within the territory of the United States within three years preceding the filing of this suit. 29 U.S.C. § 203(e)(1).

11. At all times relevant to this action, each Defendant was Mr. Rodriguez's "employer" as defined by the FLSA. *Id.* § 203(d).

12. The minimum-wage and overtime provisions of the FLSA, *id.* §§ 206–07, apply to Defendants, Mr. Rodriguez, and all employees similarly situated to Mr. Rodriguez.

## FACTS

13. H&K owns and operates an apartment complex known as The Reserve at Oakleigh Apartments ("The Reserve"), which is located at 3562 Pin Hook Road, Antioch, Tennessee 37013.

14. On information and belief, H&K hired ATA, Alexiou, Padron, and AM Pro as contractors to work at The Reserve during the period relevant to this action.

15. Padron hired Mr. Rodriguez to work for Defendants painting apartments at The Reserve.

16. Padron also hired approximately twenty other painters ("Putative Class") at or near the time she hired Mr. Rodriguez. Defendants know the identities of the members of the Putative Class.

17. Members of the Putative Class are similarly situated to Mr. Rodriguez.

18. H&K, AM Pro, ATA, Alexiou, and Padron are joint employers under the FLSA; they jointly employed Mr. Rodriguez and the Putative Class at all times relevant to this action.

19. Defendants promised to pay Mr. Rodriguez and the Putative Class $19 per hour worked and are liable for overtime compensation at the rate of $28.50 per hour.

20. Mr. Rodriguez and the Putative Class are legally entitled to overtime pursuant to the FLSA and do not qualify for any exemption or exception to the FLSA's overtime provisions.

21. Mr. Rodriguez performed painting services for Defendants at The Reserve from approximately February 2017 until August 2017. Other similarly situated employees also performed painting services in and around this period.

22. ATA, Alexiou, AM Pro, and Padron directly supervised the work Mr. Rodriguez and the Putative Class performed on behalf of H&K.

23. ATA, Alexiou, AM Pro, and Padron supervised work performed by Mr. Rodriguez and the Putative Class by, among other things, directing them which apartments to paint, what time to begin working, what time to cease working, and what colors to paint the apartments.

24. H&K exercised control over the painting work performed by Mr. Rodriguez and Putative Class at The Reserve by, among other things, directing them through its agents, ATA, AM Pro, Alexiou, and Padron, to paint certain apartments, when to paint those apartments, and how to paint those apartments.

25. Mr. Rodriguez and the Putative Class regularly worked in excess of forty hours per workweek; Defendants did not pay them for all hours worked under forty and did not pay them the FLSA time-and-a-half wage premium for hours worked over forty.

26. Defendants' time records for Mr. Rodriquez and the Putative Class are incomplete, inaccurate, or non-existent.

27. During Mr. Rodriguez's employment, he regularly began working at 7:00 a.m. and continued until 6:00 p.m., Monday through Saturday. Members of the Putative Class worked similar hours.

4

28. The primary job duty Mr. Rodriguez and the members of the Putative Class performed was painting apartments located at The Reserve, according to specifications provided by Defendants.

29. Mr. Rodriguez complained about pay irregularities to ATA and Alexiou, who told him to discuss the lack of payment with Padron. In turn, Padron told Mr. Rodriguez she had not been paid by Alexiou and ATA. Alexiou also indicated that he and ATA had not been paid by H&K.

30. Defendants' knowledge of Mr. Rodriguez's complaints about nonpayment of wages show they willfully violated the FLSA.

31. Mr. Rodriguez kept track of his working hours while employed by Defendants, including at least 1477 hours of straight time and 477 hours of overtime.

32. Defendants owe Mr. Rodriguez at least $8,844.50 in unpaid wages and overtime compensation for the work he performed during his employment.

## COUNT I

33. Mr. Rodriguez incorporates the allegations in paragraphs 1–32.

34. Defendants violated the rights of Mr. Rodriguez and the members of the Putative Class to payment of all wages and payment of overtime compensation under the FLSA. *Id.* §§ 206–07.

35. As a result of Defendants' FLSA violations, Mr. Rodriguez and the Putative Class suffered and continue to suffer damages, namely failing to receive wages earned during their employment.

36. In addition to unpaid wages, Defendants also owe Mr. Rodriguez an amount equal to his back wages, at least an additional $8,844.50, as liquidated damages. *Id.* § 216(b).

37. Mr. Rodriguez and other similarly situated employees are entitled to recovery their attorneys' fees and costs. *Id.* § 216(b).

38. Defendants' actions in failing to compensate Mr. Rodriguez and the Putative Class properly under the FLSA were willful and not in good faith.

39. Defendants owe Mr. Rodriguez at least $17,689 in unpaid wages and liquidated damages.

## PRAYER FOR RELIEF

Based on the foregoing, Mr. Rodriguez prays for the following relief from this Court:

1. Issuing process against Defendants and requiring each Defendant to answer within the period provided by law;

2. Requiring the Defendants to provide Mr. Rodriquez the names, phone numbers, e-mail addresses, and addresses for each member of the Putative Class and permitting him to issue notice to all similarly situated employees;

3. Giving all other similarly situated employees the opportunity to join this action as party-plaintiffs by filing written consents under FLSA § 216(b);

4. Awarding damages to Mr. Rodriguez in the amount of his unpaid wages, plus an equal amount of liquidated damages, under FLSA § 216(b);

5. Awarding to all other similarly situated employees who opt into this lawsuit damages in the amount of their unpaid wages, plus an equal amount of liquidated damages, under FLSA § 2016(b);

6. Requiring Defendants to pay all attorneys' fees of Mr. Rodriquez and the members of the Putative Class who opt into this lawsuit;

7. Requiring Defendants to pay the costs and expenses of this action;

8. Impaneling a jury to hear this action at trial; and

9. Granting Mr. Rodriguez and the Putative Class such other, further, and general relief to which they may be entitled.

Dated: January 17, 2019					Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (#18965)

/s/ *N. Chase Teeples*
N. Chase Teeples (#032400)

YEZBAK LAW OFFICES PLLC
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215
(615) 250-2000
(615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

*Attorneys for Plaintiff*